## CITY SAVINGS AND LOAN CO v LAZEROFF

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12823. Decided May 7, 1934

Arthur H. Hill, Cleveland, for plaintiff in error.

Benjamin A. Gage, for defendant in error.

**OPINION**

PER CURIAM.

It seems to be the opinion of counsel for Alexander Lazeroff that this last cited provision limits the right or power of the Company to alter and amend any rule or regulation until there was first notice given to the depositors of the proposed alteration or amendment. If this be the law it would follow as a legal consequence that if it be found as a matter of fact that Alexander Lazeroff had no notice of amended rule §§21 and 21-a, which is called "The General Withdrawal Rule," that the same would not be binding upon him; that only the rules in existence at the time he first opened his account would be binding upon him.

As we interpret Rule eleven of the Rules and Regulations governing savings accounts, there is no limitation upon the power of the Company to make alterations or amendments at any time; that no previous notice of the proposed amendment or alteration is necessary to be given to depositors. All that it provides is that the same may be altered or amended at any time, but that they shall not become obligatory or binding upon the depositors until due notice of the same is given. This requisite of notice can be given at any time after the adoption of amendments or alterations of their rules and by-laws.

This court has on a number of occasions adhered to the legal rule that the constitution, by-laws, rules and regulations of a Building and Loan Association are binding on all depositors, if the depositors expressly agreed to abide by them; that the sweeping language of Rule eleven of the Rules and Regulations governing savings accounts placed no limitation upon the power of the Company to make alterations or amendments in its by-laws, rules and regulations; that no previous notice need be given to any depositor of a proposed amendment or alteration; that these alterations and amendments become binding upon all depositors as soon as due notice of such alterations and amendments is given to such depositors, even though there was no previous notice of the proposed amendment or alteration.

We are, therefore, of the opinion that the general withdrawal rule, known as amended §§21 and 21-a, are obligatory and binding upon Alexander Lazeroff, and that they became so obligatory and binding as soon as he was notified of the same, even though he had no previous notice of the proposed amendment, now known as §§21 and 21-a.

Considerable stress is placed upon the fact that it appears in the testimony that Alexander Lazeroff dealt with the Company through its teller over a period of three years; that with said teller he deposited his money and from him he procured his withdrawals; that when in August of 1931 he desired to withdraw his balance, this same teller told him that he must sign a card and he might then have his money

in sixty days, and that thereafter when he desired to secure his funds he was told that he might only have them in installments of Twenty-Five Dollars each. It is also claimed that the Company held out the teller as its authorized agent to receive funds and pay withdrawals, and that it is bound by his representations.

We are of the opinion that the authority of the teller does not go to the extent of binding his principal by any promise which is contrary to the express provisions of the Rules and Regulations of the Company. Not only is the paying teller without authority to make a binding promise of this sort, but in our opinion it is doubtful whether even the Board of Directors could bind the Company to such a promise when it is in contravention of the general withdrawal rule of the Company. As long as the rule is in existence all withdrawals must be made in accordance therewith.

Directors and executive officers of a Savings and Loan Company are governed by statutory laws, by its own constitution, bylaws, rules and regulations. Such officers are unauthorized to make separate provisions for different depositors. All depositors must be placed upon a basis of equality, as equality is equity and is required under the general withdrawal rule.

Holding these views, it is our opinion that the trial court was in error when it awarded judgment to the plaintiff.

Judgment reversed and final judgment entered for plaintiff in error.

LIEGHLEY, PJ, LEVINE and McGILL, JJ, concur in judgment.